## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOHNATHAN SANDOVAL,

      Plaintiff-Petitioner,

v.                              No.    CV 16-410 LH/CG
                                            CR 11-2992 LH

UNITED STATES OF AMERICA,

      Defendant-Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner Johnathan Sandoval's *Amended Motion to Vacate a Criminal Sentence Pursuant to 28 U.S.C. § 2255 (Johnson v. United States)* (the "Motion"), (CV Doc. 6), filed September 9, 2016; and Respondent United States' *Response to Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255* (the "Response"), (CV Doc. 11), filed December 23, 2017.[1] Petitioner has not filed a reply, and the time for doing so has passed. D.N.M.LR-Civ. 7.4(a). United States District Judge C. Leroy Hansen referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (CV Doc. 3). After considering the parties' filings and the relevant law, the Court **RECOMMENDS** that Petitioner's Motion be **DENIED**.

### I.    Background

On May 20, 2013, Petitioner pled guilty to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). (CR Doc. 68). Pursuant to a plea agreement, the parties stipulated that Petitioner may have been

---

[1] Documents referenced as "CV Doc.__" are from case number 16-cv-410-LH-CG. Documents referenced as "CR Doc.__" are from case number 11-cr-2992-LH.

an "armed career criminal" as defined by 18 U.S.C. § 924(e). (CR Doc. 67 at 2). If Petitioner was not an armed career criminal, he would have faced a maximum 120 month sentence. § 924(a)(2). If Petitioner was found to be an armed career criminal, he would have faced a minimum 180 month sentence. § 924(e)(1). Petitioner's pre-sentence report ("PSR") determined that Petitioner was an armed career criminal based on Petitioner's numerous convictions for residential burglary in New Mexico. (CR Doc. 96-1 at 6-7). The PSR determined Petitioner's Guideline range was 188 to 235 months. (CR Doc. 96-1 at 20). Ultimately, Petitioner pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement and stipulated to a 180 month sentence. (CR Doc. 67 at 5).

A criminal defendant is deemed an armed career criminal if he has three prior convictions for "violent felonies." § 924(e)(1). When Petitioner was sentenced, "violent felony" included any crime that "is burglary . . . *or otherwise involves conduct that presents a serious potential risk of physical injury to another.* § 924(e)(2)(B)(ii). The italicized clause is known as the "residual clause." *U.S. v. Johnson*, 135 S. Ct. 2551, 2556 (2015). In *Johnson*, the United States Supreme Court held that the residual clause was unconstitutionally vague and may not be used to increase a criminal defendant's sentence. *Id.* at 2557.

Following *Johnson*, Petitioner filed the instant Motion, challenging both his designation as an armed career criminal and his sentence. Petitioner argues his convictions for residential burglary do not qualify as the enumerated offense of "burglary" under § 924(e)(2)(B)(ii), therefore he was deemed an armed career criminal in reliance on the residual clause. (CV Doc. 4, 7-8). Because the residual clause is

unconstitutional, Petitioner claims he is entitled to resentencing without being considered an armed career criminal. (CV Doc. 6 at 10).

Respondent counters first with procedural arguments. Respondent argues that: (1) Petitioner waived his right to collaterally attack his sentence under § 2255; (2) Petitioner's motion is time-barred because *Johnson* is inapplicable to Petitioner's case; and (3) Petitioner forfeited his § 2255 claim when he pled guilty and agreed to serve 180 months. (CV Doc. 11 at 5-6). As for the merits of Petitioner's Motion, Respondent argues that "residential burglary" in New Mexico qualifies as "burglary" under § 924(e)(2)(B)(ii), therefore Petitioner was not deemed an armed career criminal in reliance on the residual clause. (Doc. 11 at 14-15).

## II.    Standard of Review

28 U.S.C. § 2255 provides that federal prisoners may challenge their sentences if: (1) their sentence was imposed in violation of the United States Constitution or federal law; (2) the sentencing court had no jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized sentence; or (4) the sentence is otherwise subject to collateral review. § 2255(a). If the court finds that a sentence infringed upon the prisoner's constitutional rights and is subject to collateral review, the court must vacate the sentence and discharge, resentence, or correct the sentence as the court believes appropriate. § 2255(b).

## III.   Analysis

### a.  *Whether Petitioner has waived his right to file this Motion under § 2255*

The threshold issue the Court must address is whether Petitioner waived his right to file the instant Motion. Respondent argues Petitioner waived his right to collaterally

attack his sentence in his plea agreement. (CV Doc. 11 at 6). Petitioner did not reply to this argument. Nonetheless, the Court will evaluate Respondent's argument.

Petitioner's plea agreement includes a "Waiver of Appeal Rights." (CR Doc. 67 at 9). The waiver states that Petitioner "knowingly waives the right to appeal [his] conviction(s) and any sentence . . . In addition, the [Petitioner] agrees to waive any collateral attack to [his] conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or waiver." (CR Doc. 67 at 9). Petitioner has filed a motion under § 2255 challenging his sentence–not his conviction. (CV Doc. 6 at 1, 4, 11). The Motion repeatedly refers to Petitioner's sentence as an armed career criminal, but the Motion does not dispute the underlying conviction for possession of ammunition. (CV Doc. 6 at 1, 4, 11).

A petitioner's waiver of his right to collateral attack under § 2255 "is generally enforceable where the waiver is expressly stated in the plea agreement." *U.S. v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). In the Tenth Circuit, courts perform a three-pronged analysis to determine the force of a waiver. *U.S. v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). The Court must decide: (1) whether the challenged motion is within the scope of the waiver; (2) whether the movant knowingly and voluntarily agreed to the waiver; and (3) if enforcing the waiver would result in a miscarriage of justice. *Id*. The Court must "strictly construe[ ]" the waiver's scope, and "'any ambiguities . . . will be read against the Government and in favor of'" Petitioner's right to collateral review. *Id.* (quoting *U.S. v. Andis*, 333 F.3d 886, 890-91 (8th Cir. 2003) (en banc)).

4

Under the first prong, Respondent argues the instant Motion falls "squarely" within the scope of Petitioner's waiver. (CV Doc. 11 at 9). Respondent claims the waiver clearly states Petitioner waived his right to directly appeal and collaterally attack both his conviction and sentence. (CR Doc. 67 at 9). However, the waiver states only that Petitioner waived his right to collaterally attack his conviction; the waiver does not explicitly say Petitioner waived his right to collaterally attack his sentence. The waiver expressly mentions § 2255, but only in relation to a collateral attack on Petitioner's conviction. (CR Doc. 67 at 9). The parties could have agreed to parallel language in each sentence, for example "waives the right to appeal his conviction and any sentence" and "waives the right to collaterally attack his conviction and any sentence." For whatever reason, the parties did not do so. At the very least, the waiver's language creates an ambiguity that must be resolved against the Respondent. *Hahn*, 359 F.3d at 1325. Accordingly, the Court finds that the instant Motion is not within the scope of Petitioner's waiver.

Respondent cites *United States v. Pinson*, 584 F.3d 972 (10th Cir. 2009), and *United States v. Viera*, 674 F.3d 1214 (10th Cir. 2012), in support of its argument that Petitioner waived his right to collaterally attack his sentence. Both are distinguishable from this case. In *Pinson*, the defendant waived his right to "[a]ppeal or collaterally challenge his guilty plea, sentence . . . and any other aspect of his conviction." *Pinson*, 584 F.3d at 974. The Tenth Circuit held that waiver expressly barred the defendant's § 2255 motion. *Id.* at 976-77. Here, on the contrary, Petitioner waived his right to appeal and collaterally attack his conviction, but waived only his right to directly appeal his

sentence. (CR Doc. 67 at 9). The limited language in Petitioner's waiver differs

significantly from the broad language in *Pinson*.

In *Viera*, the defendant agreed to a lengthy, exhaustive waiver. In part, the

defendant waived his right to

> appeal or collaterally attack any matter in connection with the prosecution,
> the defendant's conviction, or the components of the sentence to be
> imposed . . . The defendant also waives any right to challenge a sentence
> or otherwise attempt to modify or change his sentence . . . including, but
> not limited to, a motion brought under Title 28, U.S.C. § 2255.

*Viera*, 674 F.3d at 1216-17. The Tenth Circuit held that the waiver included the

defendant's § 2255 motion, "[e]ven if the waiver had only mentioned collateral attack."

*Id*. Again, Petitioner's waiver does not contain such comprehensive language. In this

case, Petitioner's waiver lacks language regarding Petitioner's right to collaterally attack

his sentence. Respondent is essentially asking the Court to resolve an ambiguity in its

favor, which the Court cannot do. *Hahn*, 359 F.3d at 1325.

   b. *Whether "residential burglary" in New Mexico constitutes "burglary" in § 924(e)*

The next issue before the Court is whether "residential burglary" in New Mexico

corresponds with the enumerated offense of "burglary" in § 924(e). "The definition and

scope of the enumerated offenses are questions of federal law." *U.S. v. Rivera-Oros*,

590 F.3d 1123, 1126 (10th Cir. 2009). The enumerated offenses, including "burglary,"

are "defined by their 'generic, contemporary meaning.'" *Id*. (quoting *Taylor v. U.S.*, 495

U.S. 575, 598 (1990)).

In order to determine whether a conviction meets the generic definition of an

enumerated offense, courts apply "a formal categorical approach, looking only to the

statutory definitions of the prior offenses, and not to the particular facts underlying those

convictions." *Taylor*, 495 U.S. at 600. The statutory definition "does not need to match the generic definition verbatim." *Rivera-Oros*, 590 F.3d at 1132. Rather, "[i]f the statutory definition of the prior conviction 'substantially corresponds to generic burglary,' our inquiry is at an end." *U.S. v. Ramon Silva*, 608 F.3d 663, 665 (10th Cir. 2010) (quoting *Taylor*, 495 U.S. at 602). "If the statutory definition . . . proscribes a range of conduct" beyond the generic definition, courts "employ a modified-categorical approach that 'goes beyond the mere fact of conviction' and determines whether 'the charging paper and jury instructions'" required finding the elements of the generic definition. *Id.* (quoting *Taylor*, 495 U.S. at 602).

In *Taylor*, the United States Supreme Court defined generic "burglary" in § 924(e) as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. at 599. If a state statute defines "burglary" narrower than the generic definition "there is no problem, because the conviction necessarily implies that the defendant was found guilty of all the elements of generic burglary." *Id.* Problems arise if a state statute defines "burglary" broader than the generic definition, for example by including vehicles or other non-structures within the crime of "burglary." *Id.*

New Mexico broadly defines burglary as "the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein." N.M. STAT. ANN. § 30-16-3 (West 2016); *see also* UJI 14-1630 NMRA. In this case, Petitioner was convicted of violating section 30-16-3(A), which prohibits "enter[ing] a dwelling house with intent to commit any felony or theft therein." New Mexico criminal jury instructions define "dwelling" as "any structure,

any part of which is customarily used as living quarters." UJI 14-1631 NMRA; *Ervin*, 630 P.2d at 766. "Dwelling" does not include a detached, non-contiguous garage. *State v. Ross*, 1983-NMCA-065, ¶ 11, 665 P.2d 310, 313 (N.M. Ct. App. 1983) (holding detached garage was "not a part of the dwelling house proper"). It does, however, include a garage that is attached but not internally connected to a home. *State v. Lara*, 1978-NMCA-112, ¶ 6, 587 P.2d, 52, 53 (N.M. Ct. App. 1978). In *Lara*, the New Mexico Court of Appeals held that a garage was part of a "dwelling" even though the garage only shared a wall with the home and did not contain a door into the home. *Id.*

New Mexico's definition of "residential burglary" contains all the elements of generic burglary. New Mexico requires unauthorized entry and intent to commit a felony, satisfying two of *Taylor*'s requirements. *See* 495 U.S. at 599. Further, "residential burglary" is limited to burglary of particular structures and dwellings; therefore New Mexico's definition of "residential burglary" is narrower than *Taylor*'s definition of burglary. Because New Mexico's definition of "residential burglary" includes the elements enumerated in *Taylor* and has a more narrow definition of "building or structure," the Court finds "residential burglary" in New Mexico substantially corresponds with the generic definition of burglary in § 924(e).

Petitioner maintains that "residential burglary" exceeds the generic definition of burglary for two reasons. First, Petitioner argues New Mexico's definition of burglary is broader because it includes vehicles, watercraft, and other moveable structures. (CV Doc. 6 at 8). Although New Mexico does define "burglary" to include vehicles, Petitioner was not convicted of "burglary," but of "residential burglary." Throughout his Motion, Petitioner admits his prior convictions were for residential burglary, (CV Doc. 6 at 2, 4,

5, 6, 8, 9), which refers specifically to burglary of a dwelling house. *See State v. Brown*, 1992-NMCA-028, ¶ 1, 830 P.2d 183, 184 (N.M. Ct. App. 1992); *Ross*, 665 P.2d at 311-12. Burglary of a vehicle, watercraft, or other structure is considered "commercial burglary" in New Mexico. *See State v. Archuleta*, 2015-NMCA-037, ¶ 1, 346 P.3d 390, 391 (N.M. Ct. App. 2014); *State v. Russell*, 1980-NMCA-074, ¶ 1, 612 P.2d 1355, 1356 (N.M. Ct. App. 1980); *see also State v. Maestas*, 2016-NMCA-047, ¶ 6, 370 P.3d 805, 807 (N.M. Ct. App. 2016) ("Defendant was tried in the district court on charges of non-residential burglary in violation of NMSA 1978, Section 30-16-3(B) (1971)."). Thus, this argument is unavailing for Petitioner.

Second, Petitioner argues "residential burglary" exceeds the generic definition because it includes burglary of garage attached to a home. (CV Doc. 6 at 9) (citing *Lara*, 587 P.2d 52). Petitioner does not elaborate how a garage is not a "building or structure" for purposes of generic burglary. Hence, the Court rejects this argument as well.

## IV.   Recommendation

For the foregoing reasons, the Court finds that Petitioner was appropriately deemed an armed career criminal for having three previous convictions for violent felonies, namely "burglary." Petitioner's sentence was not calculated in reliance on the residual clause. It is unnecessary to reach Respondent's arguments regarding untimeliness and forfeiture, as Petitioner's Motion fails on the merits.

**IT IS THEREFORE RECOMMENDED** that Petitioner's *Amended Motion to Vacate a Criminal Sentence Pursuant to 28 U.S.C. § 2255 (Johnson v. United States)*, (CV Doc. 6), be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE